LILA J. DICE, APPELLEE, V. DALE A. DICE, APPELLEE, AND
ANDREW DICE AND DONNA DICE, INTERVENORS-APPELLANTS.

493 N.W.2d 207

Filed September 1, 1992.   No. A-90-791.

Jim L. Brown, of Dawson, Fleming & Brown, P.C., for appellants.

Karin O'Connell, of Orton, Brown, Thomas & Peterson, for appellee Lila J. Dice.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

HANNON, Judge.

Petitioner, Lila J. Dice, and respondent, Dale A. Dice, were divorced in Lancaster County District Court on March 21, 1988. They are the parents of Anna Jean Dice, born January 9, 1982, and Austin Elliot Dice, born May 30, 1983. On January 3, 1989, the authorities accused Dale Dice of first degree sexual assault of a child, a 5-year-old boy. On July 5, 1989, he pled no contest. He was duly found to be a treatable mentally disordered sex offender and was sentenced to 5 to 10 years in prison. Dale Dice admitted to the doctors who examined him that he had sexually molested the 5-year-old boy, as well as his own daughter.

The intervenors-appellants, Andrew Dice and Donna Dice, are the parents of Dale Dice. They have filed an application to

establish their rights as grandparents to visit the children. They allege that they had established a significant beneficial relationship with the children, which relationship they seek to maintain; that Lila Dice has refused to allow them to visit the children since January 8, 1989; and that Lila Dice has prevented the appellants from communicating with the children since February 14, 1989. The petitioner admitted the formal allegations, but denied all other allegations. After a trial, the court denied visitation rights, but did allow the appellants to send cards and gifts on the children's birthdays and at Christmas. The grandparents appeal from that decision.

At the time of the trial, Andrew Dice was a 67-year-old partly-retired farmer. He and his wife live in Winner, South Dakota. His other three adult children and their families live in or near Winner. The evidence shows that the Dice family is a close family that frequently visits within the extended family. Considering the distance between the Lincoln area and Winner, South Dakota, the appellants kept in close contact with Dale Dice and his children, both by personal visits and by telephone. The petitioner has custody of the children, but Dale Dice frequently took the children to visit their grandparents when he had visitation, and they talked over the telephone frequently. The appellants visited the children in the Lincoln area, and they attended the children's Christmas programs. The appellants did not miss the children's birthdays.

The appellants last saw the children on January 8, 1989, and they last talked to the children on the telephone on Valentine's Day 1989. Lila Dice then told the appellants that she would appreciate it if they did not call anymore and that they should not bother the children. She refused to give the children a message from the appellants. The testimony of both appellants shows that they are loving grandparents who had established a close and normal relationship with all of their grandchildren, including the children of the parties to this action.

The evidence, including the appellants' own testimony, shows that the appellants cannot accept the fact that their son sexually abused one 5-year-old boy, his own daughter, and perhaps his own son. Andrew Dice could not bring himself to state the facts of his son's offense or his son's guilt. At one point

in his testimony, he went so far as to state that their son "was more or less doing what this [5-year-old boy] had asked of him." Andrew Dice also stated that he had a pretty good hunch that Lila Dice might have framed Dale Dice. Donna Dice showed a similar inability to admit her son's guilt.

Melinda Wilson is the children's counselor and was retained by their mother to provide individual therapy for the emotional disturbance suffered by the children. Wilson has a bachelor's degree in education and a master's degree in counseling and psychology. She has worked in child guidance for $5\frac{1}{2}$ years, and half of her patients are sexual abuse victims. Anna Jean and Austin Dice were first referred to her in January 1989. She first saw the children on January 26, 1989, and they continued in therapy through September 1989. In January 1990, the petitioner again placed the children in therapy with Wilson after expressing concern about the children's reaction to the appellants' filing this action.

It is unnecessary to recount here the information Wilson learned from the children during the counseling. She testified that visiting with the grandparents could be traumatic for the children, because the children know their grandparents deny that the abuse took place. Therefore, someone whom the children look up to denies the children's reality. The incidents of abuse frightened the children, and their grandparents say it did not happen. Wilson feels the children might attempt to make the grandparents feel better by denying the abuse. However, she believes that only the perpetrator should be removed from the children. Normally, the grandparents should not be removed unless they get involved in the abuse in some way. The gist of Wilson's testimony is that the grandparents should not be allowed to visit in the short run, but should be allowed to visit in the future.

Lila Dice testified about the emotional problems of the children and why she thinks the grandparents should not have visitation rights. Her reasons were essentially the same as the children's counselor. She testified that before the divorce, the children had a good relationship with the appellants. She believes that the children know the Dices love them without being told and that the children love their grandparents. She

thinks depriving the appellants of visitation is a temporary thing, but states that visitation could be established when the children are 10, 12, or 14 years old.

Neb. Rev. Stat. § 43-1802 (Reissue 1988) provides for grandparent visitation rights under certain conditions. Section 43-1802(1)(b) provides that grandparents may seek visitation when the marriage of the child's parents has been dissolved, and subsection (2) provides in relevant part:

> In determining whether a grandparent shall be granted visitation, the court shall require evidence concerning the beneficial nature of the relationship of the grandparent to the child. . . . Reasonable rights of visitation may be granted when the court determines by clear and convincing evidence that there is, or has been, a significant beneficial relationship between the grandparent and the child, that it is in the best interests of the child that such relationship continue, and that such visitation will not adversely interfere with the parent-child relationship.

It is not seriously disputed that the appellants have had a beneficial relationship with the children in the past. However, an issue has been raised as to whether it is in the best interests of the children that such relationship continue and whether such visitation will not adversely interfere with the parent-child relationship.

The trial court found as follows:

> In view of the past inappropriate and illegal actions of the respondent herein . . . the past and present emotional trauma experienced by the children and the inability of the [appellants] to accept and realistically deal with the actions and ultimate conviction of their son, the court finds that visitation at this time poses a substantial risk of emotional harm to the children. Visitation at this time would not be in the best interests of the minor children.

The trial court did not determine that the appellants should not be allowed visitation in the future or that the appellants should only be allowed visitation according to the custodial parent's schedule, but only that they should be denied visitation "at this time."

We believe the standard of review in cases involving visitation

by grandparents is the same as the standard of review in other custody and visitation cases, that is:

> [I]n a dissolution of marriage action, determinations as to custody of and visitation with minor children are matters initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of abuse of the trial judge's discretion, keeping in mind, however, that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other.

*Hickenbottom v. Hickenbottom*, 239 Neb. 579, 590-91, 477 N.W.2d 8, 16 (1991).

We make a de novo determination that at the time of the trial, the trial court was correct, but we observe that this judgment is made upon the conditions that existed almost 2 years ago, and not as of this date.

AFFIRMED.